UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO FAJARDO,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00699 JLT<br><br>ORDER GRANTING MOTION TO STAY THE CASE<br><br>(Doc. 5) |

Mr. Fajardo alleges that on May 17, 2015, he was asleep in his car when he was confronted by officers of the Bakersfield Police Department. (Doc. 1 at 4)  He claims that defendant DeGeare approached his vehicle and began accusing him of stealing the vehicle and ordering him to exit. Id. Fajardo claims that defendant Orozco broke the door handle and then the windshield. Id. Next, the plaintiff claims that DeGeare fired her weapon into the vehicle several times. Id. Fajardo claims one bullet struck him in the spine and paralyzed him from the waist down. Id. Despite these claims, Fajardo was charged with multiple violations of California law and he is awaiting trial to begin on July 18, 2016.[1]  (Doc. 5-1 at 2; Doc. 5-2 at 20)

---

[1] The request to take judicial notice of the docket of the Kern County Superior Court is **GRANTED**. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

1

The defendants request the Court stay the matter to allow the criminal proceedings to conclude. (Doc. 5-1 at 2-6)  Mr. Fajardo indicates he has no objection to the Court staying the matter.  (Doc. 6)

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether to issue a stay, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

The Court finds the parties' and the Court's resources would be preserved if the matter was stayed pending the conclusion of the criminal matter.  In addition, the Court finds that the Younger[2] doctrine may require the stay and the interests set forth in Heck v. Humphrey, 512 U.S. 477 (1994), likewise may be implicated if a stay is not granted.  Finally, the Court is unaware of any hardship or inequity that would result thereby.  Thus, the Court **ORDERS**:

1. The hearing on the motion to stay is **VACATED**;
2. The case is **STAYED**;
3. Every 60 days, the parties **SHALL** file a joint report setting forth the status of the matter and detailing whether the Court should lift the stay;
4. Within 20 days of the resolution of the criminal matter in the trial court, counsel **SHALL** file a joint report setting forth the outcome criminal charges and whether there will be an appeal;

---

[2] Younger v. Harris, 401 U.S. 37 (1971).

4. All pending dates and hearings are **VACATED**.

IT IS SO ORDERED.

Dated:   **June 30, 2016**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE