1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                     EASTERN DISTRICT OF CALIFORNIA

7

8    GILBERTO FAJARDO,                    Case No.  1:16-cv-00699-BAK

9              Plaintiff,                 **PRETRIAL ORDER**

10        v.                              **Designation of deposition testimony: February
                                          25, 2022**
11   CITY OF BAKERSFIELD, et al.,
                                          **Motions *in limine*: February 18, 2022**
12             Defendants.
                                          **Response to motions *in limine*: February 25,
13                                         2022**

14                                        **Reply in support of motions *in limine*: March 3,
                                          2022**
15
                                          **Jury instructions, proposed verdict form, agreed
16                                         statement of case, stipulations to be read to the
                                          jury: March 4, 2022**
17
                                          **Counter-designation of deposition testimony:
18                                         March 4, 2022**

19                                        **Hearing on motions *in limine*: March 10, 2022 at
                                          2:00 PM in Courtroom 10 (EPG) (telephonic
20                                         appearance permitted)**

21                                        **Lodge original deposition transcripts; March 11,
                                          2022**
22
                                          **List of discovery documents: March 11, 2022**
23
                                          **Hearing on jury instructions, verdict form,
24                                         outstanding pretrial issues: March 18, 2022, at
                                          2:00 PM in Courtroom 10 (EPG) (telephonic
                                          appearance permitted)**
25
                                          **Lodge prospective witness lists: March 21, 2022**
26
                                          **Jury Trial: March 21, 2022 at 8:30 AM in
27                                         Courtroom 10 (EPG)**

28

                                    1

This civil rights action proceeds on the complaint filed by Plaintiff Gilberto Fajardo ("Plaintiff") on May 17, 2016, alleging claims against the City of Bakersfield, Juan Orozco, Lindy DeGeare ("Defendants"), and Does 1-10, inclusive, for (1) excessive force in violation of the Fourth Amendment; (2) excessive force in violation of the Substantive Due Process clause of the Fourteenth Amendment; (3) *Monell* liability against Defendant City of Bakersfield based on failure to train, ratification, and an unconstitutional policy, custom, and/or practice; (4) battery under state law; (5) negligence under state law; and (6) excessive force in violation of California's Bane Act. (ECF No. 1.) Plaintiff's claims arise out of an incident on May 17, 2015, when Defendants Orozco and DeGeare fired gunshots into a car where Plaintiff had been sleeping, striking Plaintiff and causing permanent injury, including paralysis. (ECF No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c)(1), to have a United States Magistrate Judge conduct all further proceedings in this case. (ECF Nos. 8, 9.)[1]

On January 12, 2022, the parties filed a joint pretrial statement. (ECF No. 65.) On January 21, 2021, the Court held a pretrial conference. Counsel Dale K. Galipo, David K. Cohn, and Marcel F. Sincich appeared for Plaintiff. Counsel Heather S. Cohen and Michael G. Marderosian appeared for Defendants.

Having reviewed the parties' joint pretrial statement, the Court now issues this pretrial order.

## I.   **JURISDICTION AND VENUE**

Jurisdiction and venue are not contested. The court has subject matter jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), (2).

## II.   **JURY TRIAL**

Plaintiff has invoked his right to a jury trial of all triable issues.

///

///

---

[1] On January 19, 2022, Defendants filed a motion to withdraw their consent to proceed before a magistrate judge. (ECF No. 66.) The motion is currently pending before District Judge Dale A. Drozd. (ECF No. 69.)

**III.      ESTIMATED LENGTH OF TRIAL**

Plaintiff estimates that trial will take 8-10 days. Defendant estimates that trial will take 10-12 days.

**IV.      TRIAL DATE**

Trial will be March 21, 2022, at 8:30 a.m., before U.S. Magistrate Judge Erica P. Grosjean in Courtroom 10 (EPG) at the Robert E. Coyle United States Courthouse, 2500 E. Tulare Street, Fresno, CA 93721.

**V.      FACTS AND EVIDENTIARY ISSUES**

**A. Undisputed Facts**

1. The City of Bakersfield is a municipal entity, a political subdivision of the State of California.

2. Defendant Orozco at all times relevant to the incident, was acting within the course and scope of his Bakersfield Police Department employment duties and under the color of state law.

3. Defendant DeGeare at all times relevant to the incident, was acting within the course and scope of her Bakersfield Police Department employment duties and under the color of state law.

4. The incident giving rise to this litigation occurred on May 17, 2015 in the parking lot at 600 Planz Road in Bakersfield, California.

**B. Disputed Evidentiary Issues**

The parties intend to file motions *in limine* and/or trial briefing on the following issues.

*Plaintiff's Statement*

1. Exclude the District Attorney's findings and conclusions;

2. Exclude any conclusion by Bakersfield Police Department that the shooting was within policy or justified;

3. Exclude toxicology results;

4. Exclude speculative testimony as to how drugs might have caused Mr. Fajardo to behave on the day of the incident;

3

5.      Exclude speculative testimony as to Mr. Fajardo's subjective state of mind, such as "playing dumb" during the incident;

6.      Exclude information unknown to Officers Orozco and DeGeare at the time of the incident, including criminal history and incarceration history, prior interaction with law enforcement, and any prior use of drugs or alcohol, including any law enforcement contact, arrest, incarceration, conviction, and drug or alcohol use subsequent to the incident;

7.      Exclude impermissible character evidence regarding Guillermina Loera or her family;

8.      Exclude statements made by Mr. Fajardo prior to receiving his *Miranda* admonitions and while he was acutely hospitalized under significant pain medication;

9.      Exclude any reference to a gang neighborhood, or any history of crime in the neighborhood;

10.     Exclude mention of non-related shootings in which law enforcement have been shot;

11.     Exclude or limit testimony of Curtis Cope regarding speculative threat to the community, what the defendants would have done in a different scenario, or analysis based on information unknown.

12.     Exclude or limit testimony of Jason Droll, Ph.D.

13.     Exclude or limit testimony of Kris Mohandie, Ph.D.

14.     Exclude or limit testimony of Michael A. Knox.

15.     Exclude or limit testimony of Dario Hernandez.

16.     Exclude or limit testimony of Rod Englert.

17.     Exclude or limit testimony of Swathi Kobe, Ph.D.

18.     Exclude or limit testimony of Harvey L. Edmonds, M.D., FAAN.

19.     Exclude or limit testimony of Edward L. Bennett.

20.     Exclude or limit testimony of Stephanie Rizzardi.

At the pretrial conference, Plaintiff's counsel also gave oral notice of a motion *in limine* to exclude evidence of Plaintiff's subsequent arrest.

///

4

*Defendants' Statement*

1.      Exclude reference to the fact that Plaintiff was partially acquitted of some of the crimes alleged during the criminal trial.

2.      Exclude any reference to allegedly wrongful acts by *other* law enforcement officers or agencies (i.e., Ferguson, Tamir, Rice, etc.).

3.      Exclude any reference to any Bakersfield Police Department Policies, including but not limited to the policy regarding shooting at moving vehicles.

4.      Exclude any evidence pertaining to *Monell* claims (other incidents, IA investigations or complaints into either Defendant or any other officer, any other use of force by the Defendants and/or anyone from Bakersfield Police Department, adequacy/sufficiency of training, etc.).

5.      Exclude other IA reports pertaining to other matters.

6.      Exclude reference to the Bakersfield Police Department or its officers as the "deadliest police force in America" and/or the use of such other inflammatory terms.

7.      Exclude the Plaintiff's life care plan.

8.      Exclude any evidence or argument that either the Department of Justice, the FBI, or any other agency is investigating the City of Bakersfield Police Department.

9.      Exclude and/or limit the testimony of Roger Clark.

10.      Exclude and/or limit the testimony of Rene Castaneda.

11.      Exclude and/or limit the testimony of David Patterson, M.D.

12.      Exclude and/or limit the testimony of Deborah Pearlman RN.

13.      Exclude and/or limit the testimony of Tamarah Hunt.

14.      Exclude and/or limit the testimony of Michael Freeman M.D.

15.      Exclude non- party witnesses from the courtroom.

16.      Exclude any golden rule argument.

17.      Exclude past economic damages.

18.      Exclude particular future economic damages.

19.      Exclude particular exhibits identified by Plaintiff.

20.      Exclude inflammatory/graphic photographs

21.     Exclude any reference to the Stipulated Judgment entered into with the Department of Justice.

Defendants plan to use computer technology, including electronic presentation of evidence, audio recordings, and video recordings, at the time of trial.

## VI.   **RELIEF SOUGHT**

Plaintiff seeks general and special damages, including for his loss of enjoyment of life, past and future medical expenses, and physical and mental pain and suffering, pursuant to his 42 U.S.C. § 1983 claim for excessive force in violation of the Fourth Amendment. Plaintiff also seeks damages pursuant to his claim for excessive force in violation of the Bane Act. Further, Plaintiff seeks damages pursuant to his state law claims for battery, negligence, and the Bane Act. Additionally, Plaintiff seeks punitive damages pursuant to his federal excessive force claim. Plaintiff seeks attorneys' fees under state and federal law. Plaintiff also seeks to recover past medical expenses, future medical expenses and care, past and future loss of earnings, past and future pain, suffering, loss of enjoyment of life, disfigurement, inconvenience, grief, anxiety, humiliation, costs of suit and interests.

Defendants contend that all actions taken were entirely lawful and reasonable. Defendants seek dismissal of this case, costs, and attorneys' fees under 42 U.S.C. § 1988 and 42 U.S.C. § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

## VII.   **POINTS OF LAW**

Fourth Amendment Excessive Force

*Plaintiff's Statement*

Defendant DeGeare used excessive force against Plaintiff in violation of his Fourth Amendment rights and 42 U.S.C. § 1983 when she shot Plaintiff. Defendant Orozco used excessive force against Plaintiff in violation of his Fourth Amendment rights and 42 U.S.C. § 1983 when he forcibly ripped the handles off of the vehicle Plaintiff occupied, and struck the vehicle's windshield with his baton, and was an integral participator in Defendant DeGeare's use of excessive force. At the time of the shots, Plaintiff posed no immediate threat of death or serious bodily injury to anyone, Plaintiff had not committed any serious crime, this initial

incident began with a check-the-welfare call, there were less-lethal alternatives to taking Plaintiff into custody, and no verbal warning was ever given to Plaintiff that deadly force was going to be used. Further, Defendant DeGeare is required to justify every shot.

Plaintiff seeks compensatory damages, punitive damages and reasonable attorney's fees under this claim. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103-05 (9th Cir. 2014).

Elements:

1.     Defendants acted under color of law;

2.     Defendants used excessive force against Plaintiff; and

3.     Defendants' use of excessive force was a cause of injury, damage, loss, or harm to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.3, 9.25.

*Defendants' Statement*

The Fourth Amendment protects an individual's right to be subjected only to force that "is objectively reasonable under the circumstances." *Boyd v. Benton County*, 374 F.3d 773 (9th Cir. 2004).

In the context of a Fourth Amendment excessive force claim against a police officer, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers'...violate the Fourth Amendment." *Graham v.* Connor, 490 U.S.386, 390 (1989). Instead, the amount of force used is evaluated on a standard of objective reasonableness. Id. at 388. The *Graham* Court specifically stated that reasonableness is judged from the perspective of a reasonable officer on the scene rather than with the 20/20 vision of hindsight. Id. at 396-397. The factors in the reasonableness inquiry include: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005) (en banc) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[A]n additional factor . . . is the availability of alternative methods of capturing or subduing a suspect." Id. at 703. These factors are non-exhaustive. Id. The determination of reasonableness requires balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" from the

"perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396 (internal citation omitted).

     *See also* Ninth Circuit Model Jury Instruction 9.25.

     <u>Battery</u>

     *Plaintiff's Statement*

     Defendants DeGeare and Orozco used unreasonable force against Plaintiff when Defendant DeGeare shot Plaintiff without warning, when Plaintiff posed no immediate threat of death or serious bodily injury, when Plaintiff had committed no serious crime and the initial incident began with "check-the-welfare" call, and when Defendant Orozco forcibly ripped the handles off of the vehicle that Plaintiff occupied and struck the windshield of that vehicle with his baton *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004); CACI 1305 (Battery by Peace Officer). Defendant DeGeare is required to justify every shot. The City is vicariously liable pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

     Plaintiff seeks compensatory damages and reasonable attorney fees under this claim. *See* CACI 3921.

     Elements:

     1.     Defendant DeGeare and/or Defendant Orozco used deadly force against Plaintiff;

     2.     Defendant DeGeare and/or Defendant Orozco's use of deadly force was not necessary to defend human life; and

     3.     Defendant DeGeare and/or Defendant Orozco use of unreasonable force was a substantial factor in causing Mr. Fajardo's harm, injury, or damage.

     *See* CACI 1305B (2021 Edition); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004).

///

///

*Defendants' Statement*

To state a claim for battery, Plaintiff must allege "(1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Bailey v. County of San Joaquin*, 671 F. Supp. 2d 1167, 1174 (E.D. CA 2009) (quoting *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 526-27 (2009)) (internal citations and quotation marks omitted). However, when a state law battery claim is brought against a police officer, "a plaintiff must prove that the peace officer's use of force was unreasonable . . . based on the facts and circumstances confronting the peace officer." *Bailey*, 671 F. Supp. 2d at 1174 (internal quotation marks omitted); *Saman v. Robbins*, 173 F.3d 1150, 1157 n.6 (9th Cir. 1999).

<u>Negligence</u>

*Plaintiff's Statement*

Plaintiff contends that Defendant DeGeare and/or Defendant Orozco, while acting in the course and scope of their employment as City of Bakersfield Police Department police officers, were negligent in their tactics and use of force against Plaintiff, including Defendant DeGeare's pre-shooting tactics and use of deadly force. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013); see also CACI 440.

The City is vicariously liable pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Plaintiff seeks compensatory damages. *See* CACI 3921.

Elements:

1.     Defendant DeGeare and/or Defendant Orozco used deadly force;

2.     Defendant DeGeare and/or Defendant Orozco's use of deadly force was not necessary to defend human life; and

3.     Defendant DeGeare and/or Defendant Orozco's use of deadly force was a cause of Plaintiff's injury, harm, or damages.

9

*See* CACI 400, 401, 440 (2021 Edition, May 2021 Supplement).

*Defendants' Statement*

To prevail on a common law claim of negligence against a police officer, Plaintiff must show that (1) the officer owed plaintiff a duty of care; (2) the officer breached the duty by failing "to use such skill, prudence, and diligence as other members of profession commonly possess and exercise," (3) there was a "proximate causal connection between the [officer's] negligent conduct and the resulting injury" to the plaintiff; and (4) the officer's negligence resulted in "actual loss or damage" to the plaintiff. *Harris v. Smith*, 157 Cal. App. 3d 100, 104 (1984). "To prevail on the negligence claim, Plaintiff must show that the *Defendant officers acted unreasonably and that the unreasonable behavior harmed Plaintiff. Robinson v. City of San Diego*, 954 F. Supp. 2d 1010 (S.D. CA 2013) (internal quotation marks and citation omitted).

*See* CACI Jury Instruction 400 and 401.

<u>Violation of the Bane Act (Cal. Civ. Code § 52.1)</u>

Plaintiff contends that Defendant DeGeare and/or Defendant Orozco, while acting in the course and scope of their employment as City of Bakersfield Police Department police officers, violated the Bane Act, Ca. Civ. Code, § 52.1. Further, Plaintiff alleges that the City of Bakersfield is vicariously liable for Defendants DeGeare and Orozco's actions. *See* Cal. Govt. Code §§815.2(a); 820(a). Section 52.1 does not require a showing of "threats, intimidation and coercion" separate from an underlying constitutional violation. *See Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018); see also *Cornell v. City and County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1."). Further, the Bane Act requires "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Cornell*, 225 Cal.Rptr.3d at 384. A reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights. *Reese*, 888 F.3d at 1045.

Plaintiff seeks compensatory damages, punitive damages and reasonable attorneys' fees under this claim.

Elements:

1.      Defendant DeGeare and/or Defendant Orozco used excessive force against Plaintiff;

2.      Defendant DeGeare and/or Defendant Orozco intended to violate Plaintiff's right to be free from excessive force by demonstrating a reckless disregard for Plaintiff's constitutional rights to be free from excessive force; and

3.      Defendant DeGeare and/or Defendant Orozco's use of excessive force was a cause of harm to Plaintiff.

*See Reese*, 888 F.3d at 1042, 1045; *Cornell*, 225 Cal.Rptr.3d at 382-84.

Plaintiff believes that qualified immunity does not absolve the Defendants from liability based on the disputed and undisputed facts of this case. Further, this case is not barred under *Heck*.

*Defendants' Statement*

The Bane Act, California Civil Code § 52.1, prohibits all people from interfering "by threat, intimidation, or coercion . . . with the exercise or enjoyment [*28] by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a).

The Bane Act requires a showing that an officer had "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese*, 888 F.3d at 1043, (quoting *Cornell*, 17 Cal. App. 5th at 801). The plaintiff must show that the officer "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese*, 888 F.3d at 1045 (internal quotation marks omitted). Reckless disregard is sufficient to show specific intent. *Id.*; *see S.T. by & through Niblett v. City of Ceres*, 2018 U.S. Dist. LEXIS 149372, 2018 WL 4193192, at *14 (E.D. CA Aug. 31, 2018) (holding that a jury could find that officers acted with reckless disregard for a decedent's rights when they shot him in the back as he fled).

///

///

///

11

Defendants' Affirmative Defenses

*Qualified Immunity*

"Qualified immunity shields officers from civil liability so long as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (emphasis added) (internal quotations and citations omitted); *see also Pearson v. Callahan*, 555 U. S. 223 (2009)(holding that officers were entitled to qualified immunity because their entry did not violate clearly established law, irrespective of whether it was unlawful); *Brousseau v. Haugen*, 543 U.S. 194, 198 (2004) ("Qualified immunity shields an officer from suit when he or she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances confronted."). The Supreme Court has repeatedly observed that "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Sheehan,* 135 S. Ct. at 1774 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it,' meaning that 'existing precedent...placed the statutory or constitutional question beyond debate.'" *Id.* (internal citations omitted). When conducting the analysis, the Court must not "define clearly established law at a high level of generality"; rather, the "dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix*, 136 S. Ct. at 308.

*Resisting Arrest/Obstruction*

Defendants contend that they were justified in their use of force and in their detention and arrest of Plaintiff because Plaintiff was obstructing an investigation and resisting arrest. *See also* Cal. Penal Code § 834a; Cal. Gov Code § 845.8.

*Plaintiff Assaulted Police/Self Defense/Defense of Others*

Defendants contend that they were justified in their use of force and in their detention and arrest of Plaintiff because Plaintiff assaulted a police officer and/or they were acting in self-defense and/or in defense of others.

*See* CACI Jury Instruction 1304.

*Justified/Reasonable Use of Force*

Defendants contend that the use of force was justified based on the conduct of Plaintiff. *See* Cal. Penal Code §835a.

*Comparative Fault of Plaintiff*

Defendants contend that the Plaintiff's injuries were caused by the Plaintiff in whole or in part and, as such, there should be an offset to the extent the Defendants are determined to have any fault whatsoever.

*See* CACI 405; 406.

*Good Faith*

Defendants contend they are not liable because they were acting in good faith. *See* Cal. Gov. Code § 820.6

*Heck v. Humphrey*

Defendants contend that the Plaintiff's claims are barred under *Heck v. Humphrey.*

## VIII.    <u>ABANDONED ISSUES</u>

The Joint Pretrial Statement states that Plaintiff is not pursuing a Fourteenth Amendment claim for relief. On October 29, 2019, Magistrate Judge Jennifer L. Thurston entered an order approving the parties' stipulation to dismiss Plaintiff's Third Claim for Municipal Liability – Ratification (42 U.S.C. § 1983); Fourth Claim for Municipal Liability – Inadequate Training (42 U.S.C. § 1983); and Fifth Claim for Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983). (ECF No. 52.)

## IX.    <u>WITNESSES</u>

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. **NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."** *See* Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

*Plaintiff's Witnesses*

1.    Gilbert Fajardo; c/o Plaintiff's counsel.

2.    Orozco, Juan, Officer; c/o Defense counsel.

3.      Poteete-DeGeare, Lindy, Officer; c/o Defense counsel.

4.      Barrier, Douglas, Officer; c/o Defense counsel.

5.      Brown, E., Officer; c/o Defense counsel.

6.      Carruesco, Gary, Sergeant; c/o Defense counsel.

7.      Cecil, J., Crime Lab Supervisor; c/o Defense counsel.

8.      Cegielski, Donald, Detective; c/o Defense counsel.

9.      Felgenhauer, Jason, Officer; c/o Defense counsel.

10.     Feola, Christopher, Detective; c/o Defense counsel.

11.     Flores, Anthony, Crime Lab Technician; c/o Defense counsel.

12.     Hall, Officer; c/o Defense counsel.

13.     Hayes, Jaime, Officer; c/o Defense counsel.

14.     Maddox, Officer; c/o Defense counsel.

15.     McCauley, Nathan, Detective; c/o Defense counsel.

16.     McIntyre, Frank, Officer; c/o Defense counsel.

17.     Orozco, Jaime, Officer; c/o Defense counsel.

18.     Peterson, Renee; c/o Defense counsel.

19.     Spencer, Jeanne; c/o Defense counsel.

20.     Sporer, Kenneth; c/o Defense counsel.

21.     Vasquez, George; c/o Defense counsel.

22.     Wedeking-White, L.; c/o Defense counsel.

23.     White, CST; c/o Defense counsel.

24.     Killian, Bill; 3112 Erwin St., Bakersfield, CA 93307.

25.     Loera, Guillermina; 500 9th St. McFarland, CA.

26.     Lopez, Gustavo; 3108 Erwin St., Bakersfield, CA 93307.

27.     Martinez, Mayerling; 1601 Lotus Lane, Apt 05.

28.     Osenbaugh, Ronald; 3212 Timothy Street, Bakersfield, CA 93304.

29.     Oxford, Lily; 3500 Reeder Ave., Bakersfield, CA 93309.

30.     Pimentel, Maria; 1626 Belmont Street.

31.     Rodriquez, Juan; 3205 Timothy Street, Bakersfield, CA 93304.

32.     Shepard, Robby; 3201 Timothy Street, Bakersfield, CA 93307.

33.     Tomlinson, Danielle; 2613 Loch Ness Court, Bakersfield, CA 93306.

34.     Tomlinson, John 2613 Loch Ness Court, Bakersfield, CA 93306.

35.     Castañeda, René; 4652 East Carmen Avenue, Fresno, CA 93703.

36.     Clark, Roger; 10207 Molino Road, Santee, CA 92071.

37.     Freeman, M. Brandon, M.D., Ph.D.; 2701 Chester Avenue, Suite 103, Bakersfield, CA 93301.

38.     Hunt, Tamorah, Ph.D.; 1851 E. First Street, Suite 1160, Santa Ana, CA 92705

39.     Perlman, Deborah, R.N.; 19197 Golden Valley Road, #231, Santa Clarita, CA 91387.

40.     Peterson, David, M.D.; 310 N. Indian Hill Blvd., #127, Claremont, CA 91711.

41.     Dow, Aaron; Bakersfield Fire Department; 2101 H St, Bakersfield, CA 93301.

42.     Olsen, Michael; Bakersfield Fire Department; 2101 H St, Bakersfield, CA 93301.

43.     Windh, Randall; Bakersfield Fire Department; 2101 H St, Bakersfield, CA 93301.

44.     Hernandez, Felipe; Hall Ambulance; 1001 21st Street, Bakersfield, CA 93301.

45.     Lamas, Peter; Hall Ambulance; 1001 21st Street, Bakersfield, CA 93301.

46.     Strader, Jaime; Hall Ambulance, 1001 21st Street, Bakersfield, CA 93301.

47.     Swerdfeger, Allen; Hall Ambulance, 1001 21st Street, Bakersfield, CA 93301.

48.     Villalva, Deanna; Hall Ambulance, 1001 21st Street, Bakersfield, CA 93301.

49.     Wolfe, Jeffrey; Hall Ambulance, 1001 21st Street, Bakersfield, CA 93301.

50.     Yadon, Scott; Hall Ambulance, 1001 21st Street, Bakersfield, CA 93301.

51.     Ortega, Arturo; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

52.     Hernandez, Brill; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

53.     Cardenas, Luis; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

54.     Young, Amy; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

55.     Perry, Sara; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

56.     Medina, Albert; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

57.     Vargas, Gustavo; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

58.     Thornton, Keith; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

59.     Cox, Kyrsten; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

60.     Goodloe-Rollain, Jerod; AMR Ambulance; 1055 W Ave J, Lancaster, CA 93534.

61.     Aguirre, David, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

62.     Carney, Scott, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

63.     Kaur, Amanpreet, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

64.     Kumar, Monica, M.D.; 1600 W. Ave. J, Lancaster, CA 93534.

65.     Maheedy, Mohammed, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

66.     Meyer, William, M.D.; 2201 Mt. Vernon Ave. #221, Bakersfield, CA 93306.

67.     Munoz, Augustine, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

68.     Ngo, Tri, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

69.     Rivera, Mark, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

70.     Wexner, Sage, M.D.; 1700 Mt. Vernon Ave., Bakersfield, CA 93306.

*Defendants' Witnesses*

1.     Defendant Juan Orozco, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

2.     Defendant Lindy (DeGeare) Poteete, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

1.     Donald Ceglielski, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

2.     Nathan McCauley, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

5.     Christopher Feola, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

6.     Lisa Wedeking-White, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

7.     Douglas Barrier, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

8.     Jason Felgenhauer, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

9.      Manuel Ornelas, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

10.     Aaron Dow, Bakersfield Fire Department, 2101 H. St., Bakersfield, CA 93301.

11.     Michael Olsen, Bakersfield Fire Department, 2101 H. St., Bakersfield, CA 93301.

12.     Randall Windh, Bakersfield Fire Department, 2101 H. St., Bakersfield, CA 93301.

13.     Felipe Hernandez, Hall Ambulance, 2001 O Street, Bakersfield, CA 93301.

14.     Peter Lamas, Hall Ambulance, 2001 O Street, Bakersfield, CA 93301.

15.     Record custodian for Hall Ambulance, 2001 O Street, Bakersfield, CA 93301.

16.     George Vasquez, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

17.     Robby Shepard, 3201 Timothy Street, Bakersfield, CA.

18.     Anthony Flores, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

19.     Billy Killian, 3112 Erwin Street, Bakersfield, CA.

20.     Lily Oxford, 600 Planz Road, Bakersfield, CA.

21.     Jaime Orozco, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

22.     Danielle Tomlinson, 2613 Loch Ness Court, Bakersfield, CA.

23.     Kenneth Sporer, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

24.     Guillermina Loera, 502 High Street, Delano, CA.

25.     Meghan Coffey, Kern Medical Center, 1700 Mt. Vernon Ave, Bakersfield, CA.

26.     Robert Horacio, 2800 Pacheco Road, Bakersfield, CA.

27.     Richard Bittleson, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

28.     Jeffrey Cecil, who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

29.     Arreaza Hector, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

30. Nosheen Hasan, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

31. Rasha Kuran, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

32. Record custodian for Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

33. Dario Hernandez, 5100 Gasoline Alley Drive, Bakersfield, Ca 93313.

34. Dr. Joseph Gomes, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

35. Dr. Gregory Fernandez, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

36. Rochelle Block, Kern County Medical Center, 1700 Mt. Vernon Avenue, Bakersfield, CA 93306.

37. Curtis Cope (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

38. Michael Knox (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

39. Rod Englert (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

40. Jason Droll (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

41. Harvey Edmonds (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

42. Kris Mohandie (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

43. Swathi Kode (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

44. Ed Bennett (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

45.     Stephanie Rizzardi   (Expert), who can be contacted through Defendants' counsel of record, Marderosian & Cohen, 1260 Fulton Street, Fresno, CA 93721.

## X.   TRIAL EXHIBITS

The following is a list of documents or other exhibits that the parties expect to offer at trial. **NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."** *See* Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

*Plaintiff's Exhibits*

1.     Audio in Ambulance during Transport

2.     Bakersfield Police Department Radio Traffic Transcript

3.     Bakersfield Police Department Radio Communication Clips

4.     Bakersfield Police Department Use of Force Policy 300

5.     Bakersfield Police Department Vehicle Pursuit Policy 314

6.     Bakersfield Police Department CAD Call Hardcopy

7.     Kern Regional Crime Laboratory Reports

8.     Castaneda – Analysis of Damages Present Along Right Side of Fajardo Vehicle

9.     Castaneda – Analysis_Englert Re-Enactment Draft

10.    Castaneda – Reconstruction Analysis Report

11.    Jaime Orozco Interview Audio

12.    Jaime Orozco Interview Transcript

13.    Juan Orozco Criminal Trial Transcript (02.01.2018)

14.    Juan Orozco Interview Audio (05.18.2015)

15.    Juan Orozco Interview Audio (05.20.2015)

16.    Juan Orozco Interview Transcript (05.18_20.2015)

17.    Juan Orozco Preliminary Hearing Transcript (11.30.2015)

18.    Juan Rodriguez Interview Audio

19.    Juan Rodriguez Interview Transcript

20.    Lindy DeGeare Criminal Trial Transcript (01.30.2018)

21.   Lindy DeGeare Criminal Trial Transcript (01.31.2018)

22.   Lindy DeGeare Interview Audio on 05.17.2015

23.   Lindy DeGeare Interview Audio on 05.18.2015

24.   Lindy DeGeare Interview Audio on 05.20.2015

25.   Lindy DeGeare Interview Drawing

26.   Lindy DeGeare Interview Transcripts (05.17_18_20.2015)

27.   Lindy DeGeare Preliminary Hearing Transcript (11.30.2015)

28.   Lindy DeGeare Preliminary Hearing Transcript (12.18.2015)

29.   Sergeant Donald Cegielski Trial Testimony Transcript

30.   Photographs from Mr. Killian's Residence

31.   Photographs of Car and Accident

32.   Photographs of Casings and Impact

33.   Photographs of Certificate of Title

34.   Photographs of Clothing

35.   Photographs of Evidence Placards

36.   Photographs of Evidence Recovered

37.   Photographs of Gilberto Fajardo at the Scene

38.   Photographs of Gilberto Fajardo's Decubitus Ulcers and Pressure Sores

39.   Photographs of Gilberto Fajardo's Injuries

40.   Photographs of Impacts in route

41.   Photographs of Officer Vehicle

42.   Photographs of Officers

43.   Photographs of Reenactment by Officer DeGeare

44.   Photographs of Reenactment by Officer Orozco

45.   Photographs of Transport Vans

46.   Photographs of Nissan

47.   Photographs of Scene

48.   Photographs of Trajectory and Impact

49.   Scene Videos

50.     Gilberto Fajardo's Medical Records

51.     Gilberto Fajardo's Billing Records

52.     Gilberto Fajardo's Life Care Plan

53.     Gilberto Fajardo's Future Medical Care Costs

54.     Gilberto Fajardo's X-Ray Images

55.     Relevant Portions of POST Learning Domain 20

56.     Images of Incident Reconstruction

57.     Medical Illustrations

58.     Demonstratives used by Experts

59.     Exhibits to Depositions

60.     Exhibits to Expert Reports

61.     Chart of Gilberto Fajardo's Economic Losses

*Defendants' Exhibits*

1.      Photographs/Videos of Scene, Vehicle, and Evidence

2.      Audio Interviews of Plaintiff

3.      Audio Interviews of Billy Joe Killian

4.      Audio Interviews of Lily Oxford

5.      CAD Report

6.      Videos from Drone during reenactment

7.      Radio Traffic

8.      Hall Ambulance Records

9.      American Ambulance Records

10.     Select KMC Records

11.     Sect South High School Records

12.     911 Calls

13.     Nissan Altima

14.     Photographs taken by Jason Droll

15.     Photographs taken by Michael Knox

16.     Photographs taken by Rod Englert

17.     Mr. Fajardo's clothing and shoes from the incident

18.     Evidence collected at scene (projective from Gilberto Fajardo, Mushroomed copper jacket, 3 lugar spent casings).

19.     Audio interview of Brenda Gonzales

20.     Audio interview of Danielle Tomlinson

21.     Audio interview of Guillermena Loera

22.     Audio interview of Hector Sanchez

23.     Audio interview of Juan Rodriguez

24.     Audio interview of Erica Miller

25.     Audio interviews of Lily Oxford

26.     Audio interview of Maria Pimentel

27.     Audio interview of Marilyn Martinez

28.     Audio interview of Robby Shephard

29.     Audio interview of Ronald Osenbaugh

30.     Images of Incident Reconstruction

31.     Medical Illustrations

32.     Demonstratives used by Experts

33.     Exhibits to Depositions

34.     Exhibits and Photographs attached to and/or contained in Defendants' experts' reports.

## XI.   DISCOVERY DOCUMENTS TO BE OFFERED AT TRIAL

Plaintiff does not expect to offer any portions of depositions, answers to interrogatories, and/or responses to requests for admission, other than for impeachment purposes.  Plaintiff currently is unaware of any witness who will be unavailable for trial.

Defendants identify the following discovery documents to be offered at trial:

1.     Plaintiff's Responses to Interrogatories propounded by City of Bakersfield

2.     Plaintiff's Responses to Interrogatories propounded by Juan Orozco

3.     Plaintiff's Responses to Interrogatories propounded by Lindy DeGeare

4.     Plaintiff's Complaint

Defendants also reserve the right to use depositions and criminal trial testimony for purposes of impeachment.

## XII.   FURTHER DISCOVERY OR MOTIONS

Plaintiff does not request further discovery or any additional pretrial motions, other than potential motions *in limine* for the issues identified above.

Defendants have filed a motion to continue the trial and a motion to withdraw consent to magistrate jurisdiction. (ECF Nos. 66, 67.) Defendants intend to file various motions *in limine*. The motions *in limine* that are currently contemplated are set forth above. Defendants also intend to file a motion to bifurcate the amount of punitive damages from liability issue of the named officers, and will file a Federal Rule of Civil Procedure 50 motion.

## XIII.   STIPULATIONS

Plaintiff is willing to stipulate that the above-listed undisputed facts require no proof. Defendants are not willing to stipulate on any issues.

## XIV.   AMENDMENTS/DISMISSALS

There are no requested amendments to pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

## XV.   SETTLEMENT NEGOTIATIONS

The parties went to mediation before Judge Otero. There was a mediator's proposal, but the case did not settle. Plaintiff would be open to continued settlement discussions if Defendants believe that would be meaningful. Defendants state they will notify Plaintiffs' counsel and the Court in the event they believe a settlement conference would be beneficial.

## XVI.   AGREED STATEMENT

The parties do not have any agreed statements.

## XVII.   SEPARATE TRIAL OF ISSUES

Plaintiff would agree to sever trial as to the amount of punitive damages, but contends that entitlement to punitive damages, *i.e.* whether Defendants DeGeare and Orozco's actions were malicious, oppressive or in reckless disregard of Plaintiff's rights, is an issue that should be tried with liability.  Plaintiff is not agreeable to sever damages from liability.

Defendants seek bifurcation of any award of punitive damages, in the event the jury finds

23

that punitive damages should be awarded.

## XVIII.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

The parties do not seek appointment of impartial expert witnesses or a limitation on the number of expert witnesses.

## XIX.   ATTORNEYS' FEES

If Plaintiff is successful at trial, Plaintiff's counsel will file a motion seeking reimbursement for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as permitted by the Bane Act and Cal. Civ. Code §1021.

Defendants seek to recover of costs and attorneys' fees under 42 U.S.C § 1988 and 42 U.S.C § 1927, Federal Rule of Civil Procedure 54, Local Rules 292 and 293, and all other applicable statutes and rules.

## XX.   SPECIAL HANDLING OF TRIAL EXHIBITS

The parties do not anticipate any issues regarding special handling of trial exhibits.

## XXI.   TRIAL PROTECTIVE ORDER

The parties do not seek a trial protective order.

## XXII.   FURTHER TRIAL PREPARATION

### A.   Motions *In Limine* Hearing and Briefing Schedule

The parties anticipate filing pretrial motions. The parties may file up to ten (10) motions *in limine* per side, up to a total of forty (40) pages in length per side. Responses to motions *in limine* shall also be limited to forty (40) pages in length per side. The parties may also file an additional motion *in limine* regarding treatment of Plaintiff's subsequent arrest that may be up to fifteen (15) pages in length per side.

The Court orders the parties' counsel to meet and confer on anticipated motions *in limine* and to distill evidentiary issues. This Court further orders the parties to file motions *in limine* as to only important, critical matters, keeping in mind that most evidentiary issues can be resolved easily with a conference among the Court and counsel.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their motions *in limine* no later than **February 18, 2022**. Any response to motions *in limine* shall be filed no later than **February 25, 2022**. Any reply in support of a motion *in limine* shall be filed

no later than **March 3, 2022**. The Court will conduct a hearing on the motions *in limine* on **March 10, 2022, at 2:00 PM**, **in Courtroom 10 (EPG).** The Court grants telephonic appearances, with each party wishing to so appear directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

Moving and opposition papers must be brief, succinct, and well-organized. The Court encourages each party to consolidate their respective motions *in limine* in a single document, organized by number, and to file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if a defendant has five evidentiary issues, it would file one motion that has five headers: Motion *in limine* No. 1; Motion *in limine* No. 2, and so on; and, in response, plaintiff would file one opposition document organized in the same way. Said another way, in order to maintain a well-organized docket in preparation for trial, the Court discourages parties from filing multiple motions *in limine* in a string of separate docket entries.

### B.  Proposed Jury Instructions and Verdict Forms

The parties shall meet and confer regarding jury instructions and a verdict form for use at trial. The parties, no later than **March 4, 2022**, shall file and serve all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form.

No later than **March 4, 2022,** Plaintiff may file and serve his proposed jury instructions and identify such as jury instructions upon which the parties could not agree. No later than **March 4, 2022**, Defendant may file and serve their proposed jury instructions and identify such as jury instructions upon which the parties could not agree.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to **epgorders@caed.uscourts.gov** no later than **March 4, 2022**. Jury instructions and verdict forms will not be given or used unless they are so e-mailed to the Court. The Court will

not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

No later than **March 4, 2022,** the parties may file and serve meaningful written objections to disputed jury instructions proposed by another party. All objections shall be in writing, shall set forth the proposed instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

The Court will conduct a hearing on jury instructions, the verdict form, and any other outstanding pretrial issues on **March 18, 2022, at 2:00 PM in Courtroom 10 (EPG).** The Court grants telephonic appearances, with each party wishing to so appear directed to use the following dial-in number and passcode: 1-888-251-2909; passcode 1024453.

///

///

**C.  Agreed Summary of the Case**

The parties shall serve and file, no later than **March 4, 2022**, a joint or individual non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection. The Court will consider the parties' statements but may draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on March 18, 2022. The contents of the summary shall not be deemed to be evidence or an admission or stipulation by any party as to any contested fact or issue.

**D.  _Voir Dire_**

The Court will conduct a brief _voir dire_ examination of the prospective jurors, after which Counsel will be given an opportunity to conduct brief _voir dire_ examination. To aid the Court in conducting _voir dire_, counsel should lodge with the Court on the first morning of trial a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call. The purpose of the list is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

**E.  Stipulations to be Read to Jury**

The parties are directed to file, no later **March 4, 2022**, any stipulations that are to be read to the jury.

**F.  Trial Exhibits**

**1.  _Duty of Counsel to Pre-Mark Exhibits_**

No later than **February 25, 2022**, the parties shall exchange their proposed exhibits to the extent they have not already done so. The parties' counsel shall meet and confer to pre-mark and examine trial exhibits and to prepare exhibit lists, to the extent they have not already done so.

All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.)

**2.  _Submission of Trial Exhibits_**

The original and three copies of all trial exhibits along with exhibit lists shall be submitted to the Courtroom Deputy no later than **March 17, 2022,** in binders as described below. The

parties' counsel should note that, pursuant to Local Rule 281(b)(11), only those exhibits listed in the parties' pretrial statement will be permitted to be offered into evidence. Therefore, any exhibits submitted which are not listed in the pretrial statement will not be admitted without a showing of good cause or the parties' stipulation.

Counsel shall create seven (7) complete, legible sets of exhibits in binders as follows:

> (1) Four sets of binders to be delivered to the Courtroom Deputy on **March 17, 2022**, for the Court's use; and,
>
> (2) One set for each party's counsel's use.

If the parties desire, they may have an additional set of binders to be used for the purpose of questioning witnesses. All copies submitted to the Court must be legible.

### 3. *Exhibit Lists*

No later than **March 4, 2022**, the parties shall file and serve their final lists of respective pre-marked exhibits. Only those exhibits that are identified in the parties' joint pretrial statement may appear on the final exhibit list. Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e).

### 4. *Objections*

This Court will address objections to exhibits as they arise during trial.

### 5. *Post-Trial Exhibit Retention*

Counsel who introduced exhibits at trial shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. The parties' counsel shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

### 6. *Discovery Documents*

The parties shall file a final list of all discovery documents the party intends to use at trial, indicating whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Deputy by **March 11, 2022**.

///

///

28

### 7. *Deposition Testimony*

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **February 25, 2022**. Any counter-designation as to the same deposition (also set out by page and line number) shall be filed and served no later than **March 4, 2022**. The original certified transcript of any deposition identified in a designation or counter-designation shall be lodged with the Courtroom Deputy no later than **March 11, 2022**.

### G. Use of Video and Computers

Any party wishing to use a videotape or DVD for any purpose during trial shall lodge a copy of the video with the Courtroom Deputy no later than **March 4, 2022**. If a written transcript of audible words on the tape or DVD is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, that party shall contact the Courtroom Deputy no later than **March 11, 2022**, so that any necessary arrangements and/or training may be scheduled.

The parties shall meet and confer regarding remote testimony by any witness and inform the Court of the status of their discussions at the March 10, 2021 hearing on motions *in limine*.

### H. Order of Witnesses

To make the trial operate efficiently and smoothly, each counsel has the continuing obligation to advise opposing counsel as to what witnesses he or she intends to call twenty-four (24) hours prior to calling that witness.

## XXIII.   OBJECTIONS TO PRETRIAL ORDER

Any party may, within **ten (10) calendar days** after the date of this Order, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

## XXIV.   RULES OF CONDUCT DURING TRIAL

1. All participants in the trial shall conduct themselves in a civil manner.

2. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to jurors, such as the lobby,

the elevators, the hallways, and the cafeteria.

       3.  Counsel may use visual aids in presenting opening and closing statements. Any visual aids shall be shown to opposing counsel before the respective statement is made.

       4.  Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

       5.  At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

       6.  Before approaching a witness, counsel shall secure leave of court to approach the witness.

       7.  Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

       8.  An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

## XXV.    COMPLIANCE WITH THIS ORDER

Compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to motions *in limine*, jury instructions and a verdict form. Counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. This Court will modify this order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

IT IS SO ORDERED.

Dated:   **January 24, 2022**        /s/ _Erica P. Grosjean_

                                   UNITED STATES MAGISTRATE JUDGE